UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RICHARD HONE,

             Plaintiff,

             v.

DEBORAH HANLON-SCHRON *et al.*,

             Defendants.

Civil Action No. 21-07039 (MAS) (TJB)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

    This matter comes before the Court on the Application to Proceed *In Forma Pauperis* ("IFP Application") filed by *pro se* Plaintiff Richard Hone ("Plaintiff"). (ECF No. 4.) For the reasons stated herein, the Court grants Plaintiff's IFP Application, but dismisses Plaintiff's Complaint. (ECF No. 1.)

**I.**    **BACKGROUND**

    On March 29, 2021, Plaintiff filed this Complaint against Judges Hanlon-Schron, Lynch-Ford, and Baxter as well as unnamed individuals. (*See generally* Compl., ECF No. 1; Pl.'s Certification ¶ 2, ECF No. 1.) He alleges that the judges conspired against him to deprive him of his Ninth and Fourteenth Amendment rights. (Compl. *3.)[1] Plaintiff attached a certification that alleges, amongst other things, that Judge Hanlon-Schron denied an Order to Show Cause that Plaintiff requested because of "procedural deficiencies." (Pl.'s Certification ¶¶ 3-4.) Plaintiff also complains that Judge Hanlon-Schron denied "an emergent hearing to compel the 'supervised

---

[1] Page numbers preceded with an asterisk reference the page numbers at the top of the ECF filing.

1

visitation' places to conform to the court Order." (*Id.* ¶ 6.) Plaintiff does not allege any specific conduct by Judges Baxter and Lynch-Ford — only that they conspired with Judge Hanlon-Schron to violate his rights. (*Id.* ¶ 5.)

## II.      **LEGAL STANDARD**

Plaintiffs may proceed *in forma pauperis* under 28 U.S.C. § 1915(a) by submitting an affidavit that states (1) all their income and assets, (2) whether they are able to pay filing fees, (3) the nature of their action, and (4) the basis for their redress. *See* 28 U.S.C. § 1915(a)(1). District courts may *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When considering dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim on which relief can be granted, the Court must apply the same standard of review as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012). A complaint "is frivolous where it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

To survive dismissal under Rule 12(b)(6), a complaint must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).) In addition, while courts liberally construe pro se pleadings, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

III.  **DISCUSSION**

A.  **The Court Grants Plaintiff's IFP Application.**

Plaintiff's IFP Application is sufficient under § 1915(a) in that it states he is disabled and receives $180 in benefits. (Appl., ECF No. 4.) He also reports that he has expenses of $215 per month. (*Id.*) He claims he cannot pay the filing fee and includes the requisite information such as the nature of the action and the reasons he believes he is entitled to redress. The Court, therefore, will grant Plaintiff's IFP Application.

B.  **Plaintiff's Complaint Seeks Relief from Immune Defendants.**

Judges have absolute immunity from suit while performing their official duties. *See Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006) (citing *Mireles v. Waco*, 502 U.S. 9, 12 (1991)). To that end, "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). The Supreme Court has, however, identified two narrow exceptions to this rule. "First, a judge is not immune from liability for non-judicial actions, i.e., actions not taken in the judge's judicial capacity." *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (citations omitted). "Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id.* at 12.

Neither exception applies here. Plaintiff has not alleged Judge Hanlon-Schron has acted outside of her jurisdiction. Plaintiff merely complains that Judge Hanlon-Schron's denials of hearings and her orders at trial deprived him of his rights. Plaintiff cites to *Pulliam v. Allen* to suggest that judges can be held liable for their official acts. 466 U.S. 522 (1984). What Plaintiff

3

neglects to point out is that in *Pulliam*, the defendant judge was found to have been acting beyond her jurisdiction by incarcerating persons for non-jailable offenses. *Id.* at 524-25. Whereas here, Plaintiff complains only of conduct that is within the discretion of state judges: to deny orders for procedural deficiencies, to deny hearings to compel visitation, and to deny the requested parenting time of Plaintiff. (Pl.'s Certification ¶¶ 4-5.) These judicial actions fall comfortably within the jurisdiction of Judge Hanlon-Schron acting within her official capacity. Thus, Judge Hanlon-Schron is entitled to immunity on these decisions.

Plaintiff also states that under New Jersey law, public employees are not free from liability when acting with actual malice. (*Id.* ¶ 1.) This statute, however, does not apply to judicial immunity in federal actions. *Rochinsky v. State of N.J., Dept. of Transp.*, 541 A.2d 1029, 1034 (N.J. 1988) ("[C]ommon-law and statutory immunities not contained in the [Tort Claims] Act can prevail over the Act's liability provisions."). Judges are immune from suit in federal court under § 1983, regardless of whether the alleged harms were done in error or malice. While Plaintiff alleges there was a conspiracy, he admits that he has no knowledge of the true motivations of Judge Hanlon-Schron to support any of his allegations. (*See* Pl.'s Certification ¶ 3.) The Court finds that Plaintiff's allegation of intentional harm is factually unsupported and baseless. *Neitzke*, 490 U.S. at 327. Under any theory put forward by Plaintiff—malice, conspiracy, or incompetence—his claim would fail. As outlined further below, Plaintiff also makes no claims regarding Judges Lynch-Ford or Baxter. The Court, therefore, finds that judicial immunity applies in this instance to all Defendants.

### C.   The Complaint Must Be Dismissed with Respect to Judges Lynch-Ford and Baxter Because it is Frivolous.

A complaint "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke*, 490 U.S. at 325. Courts are not bound in *in forma pauperis* proceedings to take all claims as true;

instead, judges have "not only the authority to dismiss a claim based on indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.* at 327.

Defendants Lynch-Ford and Baxter are listed as Defendants in the Complaint, however, Plaintiff does not elaborate on their role in the alleged conspiracy. (*See generally* Compl.) He fails to allege any facts about the conspiracy, including its duration, purpose, or the role of the non-presiding judges. Plaintiff simply assumes Defendants conspired with Judge Hanlon-Schron to influence her ruling. As such, this Court finds the Complaint lacks an arguable basis of fact with respect to the claims against Defendants Lynch-Ford and Baxter. The claims that Judges Lynch-Ford and Baxter deprived Plaintiff of his Ninth and Fourteenth Amendment rights are thus frivolous, and the Court dismisses them with prejudice.

Because Plaintiff has not sufficiently alleged the involvement of Judges Lynch-Ford or Baxter, Plaintiff's claim of Judge Hanlon-Schron conspiring with them to deprive him of his rights also lacks an arguable basis in law. *See Jurtowski v. Twp. of Riverdale*, 904 F.3d 280, 293-94 n.15 (3d Cir. 2018) (requiring two or more persons for a conspiracy to deprive constitutional rights (quoting *Barnes Found. v. Twp. of Lower Merion*, 242 F.3d 151, 162 (3d Cir. 2001)). As Judge Hanlon-Schron cannot "conspire" by herself, Plaintiff's claim of a "conspiracy" to deprive him of rights fails and shall be dismissed.

## IV.  **CONCLUSION**

For the foregoing reasons, the Court grants Plaintiff's IFP Application, but dismisses Plaintiff's Complaint with prejudice. The Court will issue an appropriate order accompanying this Memorandum Opinion.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE